| Form 240A - Reaffirmation Agreement (1/07) | ☐ Presumption of Undue Hardship<br>X No Presumption of Undue Hardship |
|---|---|
| | (Check box as directed in Part D: Debtor's Statement<br>in Support of Reaffirmation Agreement.) |

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

In re <u>Hugh James Price</u>,
        Debtor

Case No.<u> 08-23555 </u>
Chapter<u>  7  </u>

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

X Part A: Disclosures, Instructions, and
    Notice to Debtor (pages 1 - 5)

X Part D: Debtor's Statement in
    Support of Reaffirmation Agreement

X Part B: Reaffirmation Agreement

Part E: Motion for Court Approval

X Part C: Certification by Debtor's Attorney

**Name of Creditor:**<u>  DOMENICO A. CARDI </u>

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal
Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

## SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

## AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm:      $<u>  14,700.00   </u>

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay*

1

**Form 240A – Reaffirmation Agreement (Cont.)**
*additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a.  If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

*--- And/Or --*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ____8_____%. See Exhibit "A" note that is incorporated by reference and terms are also being reaffirmed.  Default rate of interest will apply if Debtor is in default under the Note. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____@ _____%;
$_____@ _____%;
$_____@ _____%.

b.  If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

*--- And/Or---*

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.

2

**Form 240A - Reaffirmation Agreement (Cont.)**

    **(iii)**   If different simple interest rates apply to different balances included in the amount reaffirmed,

    the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

    c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

        The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>

Lot 14, Block 7, CRESTHAVEN NO. 8 according to the plat thereof and recorded in Plat BOOK 44, page 8 of the Public Records of Broward County, Florida.  Having a property address of 1660 NE 32nd Court, Pompano Beach, Florida 33064.

<u>Original Purchase Price or Original Amount of Loan</u>

$14,700.00 Interest Only Loan  (Commencing on May 1, 2006)

_Optional_---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $___$98.00___ is due on _12/1/2008_____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— *Or* —

Your payment schedule will be: _36_____(number) payments in the amount of $__98.00_____ each, payable (monthly, annually, weekly, etc.) on the ____1st_____ (day) of each _Month_____ ( week, month, etc.), unless altered later by mutual agreement in writing.

A Principal balance of $14,700.00 and any accrued interest thereunder the Note and Mortgage (Exhibit "A") and other costs allowed under the Note, shall become due and payable in full on January 1, 2012

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

4

Form 240A - Reaffirmation Agreement (Cont.)

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date

**Form 240A - Reaffirmation Agreement (Cont.)**

your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A ''lien'' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor ''may'' do, it does not use the word "may" to give the creditor specific permission. The word ''may'' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: See Exhibit "A", incorporated hereto and being reaffirmed.

**Form 240A - Reaffirmation Agreement (Cont.)**

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

The Note will be extended to January 1, 2012

SIGNATURE(S):

Borrower:

_Hugh Price_
Hugh J. Price

_(signature)_
(Signature)

Date: _12/15/08_

Accepted by Creditor:

_Domenico A Cardi_
Domenico A. Cardi

_4720 NE 22 AVE LIGHTHOUSE Pt._
_FL 33064_
4720 NE 22nd Avenue
Lighthouse Point, Fl 33064

_Domenico A Cardi_
(Signature)

_Dec 18th 2008_
DATE

Co-borrower,(non-debtor) if also reaffirming these debts:

_Veronica Price_
Vernoica Price

_Veronica Price_
(Signature)

Date: _12-16-08_

7

**Form 240A - Reaffirmation Agreement (Cont.)**

**PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).**

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: *Nemia L. Schulte*

Signature of Debtor's Attorney: *Nemia L. Schulte*

Date: *12/15/08*

8

**Form 240A - Reaffirmation Agreement (Cont.)**

    4.   I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____

           James Price Hugh

           _Hugh. James Price_

                                      _Veronica Price_
                                      Veronica Price
                                      _Veronica Price_

_____

Date: _12 / 15 / 08_

                                      12-16-08

9

# EXHIBIT "A"

LOAN NO. 06-0501
DOMENICO A. CARDI
4720 NE 22nd AVENUE
LIGHTHOUSE POINT, FL 33064

## BALLOON MORTGAGE NOTE

$14,700.00
Broward County, Florida
May 1, 2006

MAKER AND HOLDER AGREE THAT THIS IS A BALLOON MORTGAGE NOTE AND THE
FINAL PRINCIPAL PAYMENT OR PRINCIPAL BALANCE DUE UPON THE MATURITY DATE
IS $14,700.00 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ANY ADVANCEMENTS.

FOR VALUE RECEIVED, on the date first above stated, the undersigned, **HUGH J. PRICE and
VERONICA PRICE, husband and wife** ("Maker"), promises to pay to **DOMENICO A. CARDI**, his
successors and/or assigns as their interests may appear ("Holder"), or order, in the manner hereinafter
specified, the principal sum of **FOURTEEN THOUSAND SEVEN HUNDRED DOLLARS AND 00/100
CENTS ($14,700.00)** with interest from said date at the rate of **EIGHT PERCENT (8.00%)**, per annum,
payable in monthly interest only installments on the unpaid balance from time to time remaining (this "Note").
The said principal and interest shall be payable in lawful money of the United States of America to Holder at
4720 NE 22nd Avenue, Lighthouse Point, FL 33064, or at such place as may hereafter be designated by Holder,
on the date and in the manner following:

Commencing on May 1, 2006, and continuing on the 1st day of each month thereafter until the
Maturity Date, there shall become due and payable the sum of **NINETY-EIGHT DOLLARS
AND ZERO CENTS ($98.00)**, representing interest only, until such time as the entire unpaid
principal balance, together with accrued interest, is paid in full. The foregoing sum shall be
prorated on a daily basis for any partial months which shall be due and payable at the signing
of this Note.

In the event any installment payment due hereunder is not made within TEN (10) calendar days of its
due date, a **LATE CHARGE of FIVE PERCENT (5%)** of the late installment shall be due and payable with
such payment. Holder shall not be obligated to accept any such late payment unless the late charge is tendered
together therewith.

The principal balance and any accrued interest on this Note may be prepaid in whole or in part at any
time without penalty.  **The principal balance of this Note, and any accrued interest thereunder, shall
become due and payable in full on July 1, 2008 (the "Maturity Date").**

All payments received by Holder on this Note shall be applied as follows: first, to the payment of late
charges and other expenses payable to Holder on the Note, second, to accrued and unpaid interest then due and
owing, and then to reduction of principal. All payments hereunder shall be payable in lawful money of the
United States of America.

Mortgage Note
Loan No. 06-0501
Page 1 of 3

Initials _____

Any partial prepayment made by Maker hereunder shall not postpone the due date of any subsequent installment payment nor shall the amount of any subsequent installment payment be reduced or otherwise changed by reason of any such partial prepayment

If, for any reason, interest or any payment determined to be in the nature of interest is collected which exceeds the highest contract interest rate now allowed by the laws of the State of Florida, such act shall be construed as a mutual mistake of the parties and such excess sum shall be credited toward reducing the outstanding principal balance, if any, with the remainder to be returned to the party who paid same

This Note with interest is secured by a mortgage on real estate, of even date herewith, made by Maker hereof in favor of Holder, and shall be construed and enforced according to the laws of the State of Florida The terms of said mortgage are by this reference incorporated herein and made a part hereof The legal description of the real estate secured the mortgage referenced herein is:

> Lot 14, Block 7, CRESTHAVEN NO. 8 according to the plat thereof and recorded in Plat Book 44, Page 8 of the Public Records of Broward County, Florida.

Time is of the essence with regard to Maker's performance under the terms and provisions of this Note, and any amendment, modification or revision thereof. No extension of time for payment of this Note or any installment thereof made by agreement with any person now or hereafter liable for payment of this Note shall operate to release, discharge, modify change or affect the original liability of Maker under this Note, either in whole or in part Maker shall not assign, sell or transfer this Note or its obligations under this Note.

If default be made in the payment of any of the sums or interest mentioned herein or in said mortgage, or in the performance of any of the agreements contained herein or in said mortgage for a period of THIRTY (30) days, then the entire principal sum and accrued interest shall at the option of Holder hereof become at once due and collectible without notice, time being of the essence; and said principal sum and accrued interest shall both bear interest from such time until paid at the highest rate allowable under the laws of the State of Florida. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

Any of the following shall constitute a default under the mortgage securing this Note: (1) the material breach of any warranty or a default in the performance of any obligation of Maker or any guarantor of this Note; or, (2) the false, inaccurate, or misleading nature of any material misrepresentation to induce Holder to make the loan given by Maker or any guarantor or their agent (i) regarding the financial condition or credit standing of Maker or any guarantor of Maker, or (ii) regarding the loan or security; or (3) Maker's default or breach under any mortgage, note or other instrument or agreement in which Holder or any assignee or related entity of the foregoing has an interest.

In the event of sale, transfer, conveyance, alienation, lease for a period of more than five years (including option to renew) or granting of an option to purchase, or further encumbrance of title to the property described in the mortgage securing this Note, or any part thereof, or any interest therein, whether voluntary or involuntary, without the prior written consent of Holder, regardless of maturity dates expressed herein, Holder shall have the right of acceleration, at its sole option to declare all indebtedness under this Note, including any prepayment charge hereunder, immediately due and payable without demand or notice. Consent to one such transaction shall not constitute a waiver of the right to require such consent to succeeding transactions.

Mortgage Note                                    Initials
Loan No. 06-0501
Page 2 of 3

In the event Holder is required to institute suit for collection or suit to foreclose the mortgage securing this Note, Maker agrees that any claim or counterclaim it may assert shall be severed and, as an absolute prerequisite to the assertion of any such claim or counterclaim, the maker shall provide written notice of the claim to Holder. If the claim is not resolved, then the parties shall go to mediation, failing which the parties agree to submit to binding arbitration under the Commercial Rules of the American Arbitration Association. Any mediation or arbitration of any such claim or counterclaim by Maker against Holder shall take place in Palm Beach County, Florida.

Each person liable hereon whether maker or endorser, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable attorney's fee, whether suit be brought or not, if, after maturity of this note or default hereunder, or under said mortgage, counsel shall be employed to collect this Note or to protect the security of said mortgage.

The state documentary stamp tax due on this Note has been paid on the mortgage securing this indebtedness.

Whenever used herein the terms "Holder," "Maker" and "payee" shall be construed in the singular or plural as the context may require or admit.

MAKER:

HUGH J PRICE

Tax ID: _105-60 7151_
Phone: _954 931 6485_
Fax: _—_
Address: _1660 NE 32 Ct_
_Pompano Beach Fla_
_33064_

VERONICA PRICE

Tax ID: _N/A_
Phone: _954 931 6485_
Fax: _—_
Address: _1660 NE 32nd Ct_
_Pompano Beach FL_
_33064_

```
Mortgage Note                        Initials  _____  _____
Loan No. 05-0001
Page 3 of 3
```

**PREPARED BY AND RETURN TO:**
DOMENICO A. CARDI
4720 NE 22nd AVENUE
LIGHTHOUSE POINT, FL 33064

**LOAN NO. 06-0501**
DOMENICO A. CARDI
4720 NE 22nd AVENUE
LIGHTHOUSE POINT, FL 33064

INSTR # 106079067
OR BK 42037 Pages 1258 - 1268
RECORDED 05/17/06 07:38:34
BROWARD COUNTY COMMISSION
DOC STMP-M: $51 45
INT TAX: f1 $29.40
DEPUTY CLERK 3075
#1, 11 Pages

---

## MORTGAGE

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS FOURTEEN THOUSAND SEVEN HUNDRED DOLLARS AND 00/100 CENTS ($14,700.00) TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

THIS MORTGAGE, made on May 1, 2006, by **HUGH J. PRICE and VERONICA PRICE, husband and wife,** whose post office address is 1660 NE 32nd Court, Pompano Beach, Florida 33064 ("Mortgagor"), to **DOMENICO A. CARDI**, his successors and/or assigns as their interests may appear, whose post office address is 4720 NE 22nd Avenue, Lighthouse Point, Florida 33064 ("Mortgagee").

### RECITALS

Mortgagor is indebted to Mortgagee, having executed and delivered to Mortgagee that certain Balloon Mortgage Note (the "Note") bearing even date herewith, in the original principal sum of **FOURTEEN THOUSAND SEVEN HUNDRED DOLLARS AND 00/100 CENTS ($14,700 00)** or so much as has been advanced and remains outstanding, in lawful money of the United States of America, and according to the terms and conditions specified in the Note which is incorporated herein by reference;

In consideration of the indebtedness and to secure the payment to Mortgagee of the principal with interest and all other sums provided for in the Note and in this mortgage, including, but not limited to, any future advances, if any, and for performance of the agreements, conditions, covenants, provisions, and stipulations contained herein and therein, and in certain other agreements, and instruments made and given by Mortgagor to Mortgagee in connection therewith, Mortgagor has granted, bargained, sold, and conveyed and, by these presents, does grant, bargain, sell, and convey unto Mortgagee that tract or parcel of land in Palm Beach County, Florida, more particularly described as follows:

Mortgage
Loan No. 06-0501
Page 1 of 11

Initials /HP  JP



Lot 14, Block 7, CRESTHAVEN NO. 8 according to the plat thereof and recorded in Plat Book 44, Page 8 of the Public Records of Broward County, Florida.

**PROPERTY ADDRESS:** 1660 NE 32nd Court, Pompano Beach, FL 33064

TOGETHER with all the tenements, hereditaments, easements, appurtenances, passages, waters, water courses, riparian rights, other rights and privileges thereof or in any way now or hereafter appertaining, including any other claim at law or in equity as well as any after acquired title, franchise, or license and the reversions and remainders thereof; and

TOGETHER with all buildings and improvements of every kind and description now or hereafter erected or placed thereon and all materials intended for construction, reconstruction, alteration, and repairs of such improvements now or hereafter erected thereon, all of which materials shall be deemed to be included within the mortgaged premises immediately upon the delivery thereof to such mortgages premises, and all fixtures and articles of personal property now or hereafter owned by Mortgagor and attached to or contained in and used in connection with said premises, including but not limited to all appliance, all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air-conditioning, hot water heating and sprinkler equipment and fixtures and appurtenances thereto; and all renewals or replacements thereof or articles in substitution therefor, whether or not the same are or shall be attached to said land or building or buildings in any manner; it being mutually agreed that all the aforesaid property owned by said Mortgagor and placed by it on said premises shall, so far as permitted by law, be deemed to be affixed to the realty and covered by this mortgage. Such tract or parcel of land and buildings, improvements, fixtures, machinery, equipment, tenements, personal property, and property interests being hereinafter collectively called the "mortgaged property."

TO HAVE AND TO HOLD the above-granted and described mortgaged property to Mortgagee, its successors and assigns, forever

And Mortgagor hereby represents, warrants, and covenants with Mortgagee that Mortgagor is indefeasibly seized of the mortgaged property in fee simple; that Mortgagor has full power and lawful right to convey the same in fee simple as aforesaid; that it shall be lawful for Mortgagee at all times peaceably and quietly to enter upon, hold, occupy, and enjoy the mortgaged property and every part thereof; that the mortgaged property is free from all liens and encumbrances; that all property, fixtures, and equipment described herein will be fully paid for and free from all liens, encumbrances, title retaining contracts, and security interests when delivered and/or installed upon the mortgaged property; that such property, fixtures, and equipment shall be deemed to be realty and a part of the freehold; that Mortgagor will make such further assurances to prove the fee simple title to all and singular the mortgaged property in Mortgagee and to prove the lien and priority of this mortgage, as may be reasonably required, and that Mortgagor does hereby and will forever fully warrant and

Mortgage                                Initials _____
Loan No. 06-0501
Page 2 of 11

defend the lien and priority of this mortgage and the title to the mortgaged property and every part thereof against the lawful claims and demands of all persons whomsoever.

PROVIDED ALWAYS, and these presents are upon the express condition that, if Mortgagor or the successors or assigns of Mortgagor shall pay unto Mortgagee, its successors or assigns, the sums of money secured hereby, and any renewals or extensions thereof in whatever form, and the interest thereon as it shall become due, according to the true intent and meaning thereof, together with all advances hereunder, costs, charges, and expenses, including a reasonable attorney's fee, which Mortgagee may incur in collecting the same by foreclosure or otherwise; and shall duly, promptly and fully perform, discharge, execute, effect, complete, comply with, and abide by each and every one of the stipulations, agreements, conditions, and covenants of the Note, this mortgage, and other documents or instrument given by Mortgagor to Mortgagee in connection herewith, then this mortgage and the estate hereby created shall cease and be NULL AND VOID and this instrument shall be released by Mortgagee, at the cost and expense of Mortgagor.

MORTGAGOR COVENANTS AND AGREES to and with Mortgagee that, until the indebtedness secured hereby is fully repaid:

1. <u>Payment and Performance</u>: Mortgagor shall pay Mortgagee, in accordance with the terms of the Note and this mortgage, the principal, interest, and other sums therein set forth; and Mortgagor shall perform and comply with all the agreements, conditions, covenants, provisions, and stipulations of the Note and this mortgage, the terms of which are incorporated herein by reference and made a part hereof. Any prepayment under the Note secured hereby, in whatever amount, shall be applied to principal only, and it is expressly stipulated and agreed that any such prepayment shall not suspend or affect Mortgagor's obligation to make the periodic installment payments provided for in the said Note

2. <u>Interest Rate</u>: Notwithstanding any provision contained in this mortgage or in the Note secured hereby, the total liability for payment of interest, or in the nature of interest, shall not exceed the limits now imposed by the applicable usury law, including the applicable choice of law rules. In the event of the acceleration of the Note hereby secured, the total charges for interest and in the nature of interest shall not exceed the maximum amount allowed by law; any excess portion of such charges that may have been prepaid shall be refunded to the maker thereof  Such refund may be made by application of the amount involved against the sums then due hereunder, but such crediting shall not cure or waive the default occasioning acceleration. Nothing herein contained nor in any transaction related hereto shall be construed or shall so operate either presently or prospectively to require Mortgagor to make any payment or do any act contrary to law, but, if any clause and provision herein contained shall otherwise so operate to invalidate this mortgage, in whole or in part, then such clauses and provisions only shall be held for naught as though not herein contained and the remainder of this Mortgage shall remain operative and in full force and effect

Initials _____

3  Maintenance of Mortgaged Property: Mortgagor shall abstain from and shall not permit the commission of waste, impairment or deterioration in or about the mortgaged property; Mortgagor shall not remove, demolish, or alter the structural character of any building erected at any time on the mortgaged property, without the prior written consent of Mortgagee; Mortgagor shall not permit the mortgaged property to become vacant, deserted, or unguarded; and Mortgagor shall maintain the mortgaged property in good condition and repair, reasonable wear and tear excepted.

4.  Insurance: Mortgagor shall keep the mortgaged property continuously insured against hazard, windstorm, hurricane and flood, if within a flood prone area, in a sum not less than the full insurable value in a company or companies acceptable to said Mortgagee. All policies shall be in form satisfactory to Mortgagee; shall be maintained in full force and effect; shall be assigned and delivered to Mortgagee at or prior to closing, with premiums prepaid, as collateral security for payment of the indebtedness secured hereby; shall be endorsed with a standard mortgagee clause in favor of Mortgagee; and, shall provide for at least 30 days' notice of cancellation to Mortgagee. If the insurance, or any part thereof, shall expire, be withdrawn, or become void or unsafe by Mortgagor's breach of any condition thereof, or become void or unsafe by reason of the failure or impairment of the capital of any company in which the insurance may then be carried, or, if for any reason whatever the insurance shall be unsatisfactory to Mortgagee, Mortgagor shall place new insurance on the mortgaged property, satisfactory to Mortgagee. All renewal policies, with premiums paid, shall be delivered to Mortgagee at least 30 days before expiration of the old policies. In the event of loss, Mortgagor will give immediate notice thereof to Mortgagee, and Mortgagee may make proof of loss if not made promptly by Mortgagor. Each insurance company is hereby authorized and directed to make payment under such insurance, including return of unearned premiums, directly to Mortgagee instead of to Mortgagor and Mortgagee jointly, and Mortgagor appoints Mortgagee, irrevocably, as Mortgagor's attorney-in-fact to endorse any draft therefor At its election, Mortgagee shall have the right to retain and apply the proceeds of any such insurance to reduction of the indebtedness secured hereby, or to restoration or repair of the property damaged. If Mortgagee becomes the owner of the mortgaged property or any part thereof by foreclosure or otherwise, such policies, including all right, title, and interest of the Mortgagor thereunder, shall become the absolute property of Mortgagee

5  Taxes and Other Charges: Mortgagor shall pay, when due and payable and before interest or penalties are due thereon, all taxes, assessments, levies, liabilities, obligations, encumbrances, water and sewer rents, and all other charges or claims of every nature and kind that may be imposed, suffered, placed, assessed, levied, or filed at any time against the mortgaged property or any part thereof. Insofar as any such tax, assessment, levy, liability, obligation, or encumbrance is of record, the same shall be promptly satisfied and discharged of record, and the original official document (such as, for instance, the tax receipt or the satisfaction paper officially endorsed or certified) shall be delivered to Mortgagee not later than such dates. Mortgagor shall provide proof of timely payment of such taxes to the Mortgagee prior to delinquency.

Initials _____

6.  Other Mortgages:  The Mortgagor covenants and agrees that there is only one prior mortgage, currently with Fremont Investment and Loan ATIMA, now encumbering the property and that this mortgage shall be the second mortgage in priority encumbering the property.  Other than as set forth herein, the Mortgagor covenants and agrees that there shall be no other mortgages encumbering the property.

7   Security Agreement:  This mortgage constitutes a security agreement under the Uniform Commercial Code and creates a security interest in the personal property included in the mortgaged property  Mortgagor shall execute, deliver, file, and refile any financing statements or other security agreements Mortgagee may require from time to time to confirm the lien of this mortgage with respect to such property.  Without limiting the foregoing, Mortgagor hereby irrevocably appoints Mortgagee attorney-in-fact for Mortgagor to execute, deliver, and file such instruments for and on behalf of Mortgagor

8   Compliance with Law and Regulations:  Mortgagor shall comply with all laws, ordinances, regulations, and orders of all federal, state, municipal, and other governmental authorities relating to the mortgage property

9.  Inspection:  Mortgagee and any persons authorized by Mortgagee shall have the right at any time, upon reasonable notice to Mortgagor, to enter the mortgaged property at a reasonable hour to inspect the photograph its condition and state of repair.

10  Declaration of No Setoff:  Within one week after requested to do so by Mortgagee, Mortgagor shall certify to Mortgagee or to any proposed assignee of this mortgage, in a writing duly acknowledged, the amount of principal, interest, and other charges then owing on the obligation secured by this mortgage and whether there are any setoffs or defenses against it, and, if such setoffs or defenses are asserted, a detailed explanation thereof

11  Required Notices:  Mortgagor shall immediately notify Mortgagee of the occurrence of any of the following:

(a)  a fire or other casualty causing damage to the mortgaged property;

(b)  receipt of notice of condemnation of the mortgaged property;

(c)  receipt of notice from any governmental authority relating to the structure, use, or occupancy of the mortgaged property;

(d)  substantial change in the occupancy of the mortgaged property; or

(e)  commencement of any litigation affecting the mortgaged property.

Mortgage
Loan No. 06-0501
Page 5 of 11

Initials _____  _____

12. Condemnation:

(a) In the event of any condemnation or taking of any part of the mortgaged property by eminent domain, alteration of the grade of any street, or other injury to or decrease in the value of the mortgaged property by any public or quasi-public authority or corporation, all proceeds awarded for the taking of or damage to the mortgaged property shall be paid to Mortgagee, its successors or assigns, up to the amount then unpaid on this mortgage. Mortgagor shall continue to pay the installments of principal, interest, and other charges until payment of the proceeds shall have been received by Mortgagee in the full amount secured hereunder. All the proceeds shall be applied in the order and in the amounts that Mortgagee, in Mortgagee's sole discretion may elect, to the payment of principal (whether or not then due and payable); interest or any sums secured by this mortgage; or toward payment to Mortgagor, on such reasonable terms as Mortgagee may specify, to be used for the sole purpose of altering, restoring any part of the mortgaged property that may have been altered, damaged, or destroyed as a result of the taking, alteration of grade, or other injury to the mortgaged property

(b) If, prior to the receipt of the proceeds by Mortgagee, the mortgaged property is sold on foreclosure of this mortgage, Mortgagee shall have the right to receive the proceeds to the extent of:

(i) any deficiency found to be due to Mortgagee in connection with the foreclosure sale, with legal interest thereon, and

(ii) reasonable counsel fees, costs, and disbursements incurred by Mortgagee in connection with collection of the proceeds and the proceedings to establish the deficiency.

(c) If the amount of the initial award of damages for the condemnation is insufficient to pay in full the indebtedness secured hereby with interest and other appropriate charges, Mortgagee shall have the right to prosecute to final determination or settlement an appeal or other appropriate proceedings in the name of Mortgagee or Mortgagor, for which Mortgagee is hereby appointed irrevocably as attorney-in-fact for Mortgagor, which appointment, being for security, is irrevocable In that event, the expenses of the proceedings, including reasonable counsel fees, shall be paid first out of the proceeds, and only the excess, if any, paid to the Mortgagee shall be credited against the amounts due under this mortgage

(d) Nothing herein shall limit the rights otherwise available to Mortgagee, at law or in equity, including the right to intervene as a party to any condemnation proceeding.

13. Restriction on Transfer: In the event the real property subject to this mortgage, or any interest therein, is sold, transferred or conveyed by deed, agreement for deed, lease with option to

Mortgage
Loan No. 06-0501
Page 6 of 11

Initials

purchase, or by any other means of conveyance, without the prior written consent of the Mortgagee, then the entire principal due under this mortgage at the time of such transfer shall become immediately due and payable without notice to Mortgagor, it being specifically understood that this mortgage evidences an extension of credit by Mortgagee to Mortgagor personally, for the benefit of Mortgagor and no other party.

14.  <u>Mortgagee's Right to Remedy Defaults:</u>  If Mortgagor fails to pay real estate or other taxes, assessments, water and sewer rents, charges and claims, or sums due under any prior lien or insurance premiums, fails to make necessary repairs, or permits waste, Mortgagee, at its election and without notice to Mortgagor, shall have the right to make any payment or expenditure and to take any action that Mortgagor should have made or taken or which Mortgagee deems advisable to protect the security of this mortgage or the mortgaged property, without prejudice to any of Mortgagee's rights or remedies available hereunder or otherwise, at law or in equity.  All such sums and costs advanced by Mortgagee pursuant to this mortgage shall be due immediately from Mortgagor to Mortgagee, shall be secured hereby, and shall bear interest at the highest rate allowed by law.  Mortgagee shall be subrogated to any rights, equities, and liens so discharged

15.  <u>Events of Default:</u>  The following shall constitute events of default hereunder:

(a)  Failure of Mortgagor to pay any installment of principal or interest, or any other sum, within thirty (30) days after the date it is due under the Note or this mortgage.

(b)  Mortgagor's nonperformance of or noncompliance with any other agreements, conditions, covenants, provisions, or stipulation contained in the Note or in this mortgage, or in any other document securing such Note.

(c)  Any assignment for the benefit of creditors made by Mortgagor, any shareholder of Mortgagor, or the person executing the guaranty of even date herewith given to Mortgagee in connection with the loan.

(d)  Appointment of a receiver, liquidator or trustee of Mortgagor (which term for the purposes of this subparagraph (d) shall be deemed to include any shareholder of Mortgagor) or of any of the property of Mortgagor; insolvency of Mortgagor or the adjudication of Mortgagor as bankrupt; the filing by Mortgagor of any petition for the bankruptcy, reorganization, or arrangement of Mortgagor pursuant to the Federal Bankruptcy Act or any similar statute; the institution by Mortgagor of any proceeding for the dissolution or liquidation of Mortgagor; or the filing against Mortgagor of any such petition or institution against Mortgagor of such proceedings, unless the same be discharged within 30 days after the filing or institution.

16.  <u>Remedies:</u>

(a)  Upon the happening of any event of default, this conveyance shall become

Mortgage                                    Initials _____ VP
Loan No. 06-0501
Page 7 of 11

absolute, and the entire unpaid balance of the principal, the accrued interest, and all other sums secured by this mortgage shall become immediately due and payable, at the option of Mortgagee, without notice or demand.

(b)  When the entire indebtedness shall become due and payable because of maturity, the occurrence of any event of default, or otherwise, then forthwith:

(i)  Foreclosure:  Mortgagee may institute an action to foreclose this mortgage against the mortgaged property or take such other action at law or in equity for the enforcement of this mortgage and realization on the mortgage security or any other security herein or elsewhere provided for, as the law may allow, and may proceed therein to final judgment and execution for the entire unpaid balance of the principal debt, with interest at the highest rate allowed by law, together with all other sums due by Mortgagor in accordance with the provisions of the Note and this mortgage, including all sums that may have been advanced by Mortgagee to Mortgagor after the date of this mortgage, and all sums that may have been advanced by Mortgagee for taxes, water or sewer rents, charges or claims, payments on prior liens, insurance or repairs to the mortgaged property, all costs of suit, with interest together with attorney's fees; or

(ii)  Assignment of Rents and Profits:  Mortgagee may collect all rents and profits, it being the intent of the parties that the lien hereof shall extend to and include the use, rents, and profits of said premises.  Notwithstanding the foregoing, the Mortgagor shall have the right to remain in possession of said premises and enjoy the use of, and to receive rents and profits thereof, without accounting to the Mortgagee therefore, so long as there shall be no default hereunder, provided that in the event of any such default hereunder, the Mortgagee shall be entitled to the possession and use of said mortgaged premises, and to receive and apply the net rents and profits thereof, upon and toward the payment of the indebtedness hereby secured.  Mortgagee shall, after deducting all costs of collection and administration expenses, apply the net rentals to any or all of the following in such order and amounts as Mortgagee, in Mortgagee's sole discretion, may elect:  the payment of taxes, water and sewer rents, charges and claims, insurance premiums, and all other carrying charges, and to the maintenance, repair, or restoration of the mortgaged property, and on account and in reduction of the principal or interest, or both, hereby secured  In and for that purpose, Mortgagor hereby assigns to Mortgagee all rentals due and to become due under any lease or leases or rights to use and occupation of the mortgaged property hereafter created, as well as all rights and remedies provided in such lease or leases or at law or in equity for the collection of the rentals. Mortgagee shall be entitled to the appointment of a receiver of all the rents, issues, and profits, as a matter of strict right, regardless of the value of the mortgaged property and the solvency or insolvency of Mortgagor and other persons liable to pay such indebtedness  Mortgagor hereby specifically waives the right to object to the appointment of a receiver as aforesaid and hereby expressly consents that such appointment shall be made as an admitted equity and that the same may be done without notice to Mortgagor.

Mortgage                                          Initials _____
Loan No. 06-0501
Page 8 of 11

(c)  Mortgagee shall have the right, from time to time, to bring an appropriate action to recover any sums required to be paid by Mortgagor under the terms of this mortgage, as they become due, without regard to whether the principal indebtedness or any other sums secured by the Note and this Mortgage shall be due, and without prejudice to the right of Mortgagee thereafter to bring an action to foreclose this mortgage, or any other action, for any default by Mortgagor existing at the time the earlier action was commenced.

(d)  Any real estate sold pursuant to any action to foreclose this mortgage or pursuant to any other judicial proceedings under this mortgage or the Note, may be sold in one parcel, as an entirety, or in such parcels or condominium units, and in such manner or order as Mortgagee, in its sole discretion, may elect.

(e)  In the event the Mortgagee is required to institute suit to foreclose this Mortgage or suit for collection of the Note secured by this Mortgage, the Mortgagor agrees that any claim or counterclaim it may assert shall be severed and, as an absolute prerequisite to the assertion of any such claim or counterclaim, the Mortgagor shall provide written notice of the claim to the Mortgagee. If the claim is not resolved, then the parties shall go to mediation, failing which the parties agree to submit to binding arbitration under the Commercial Rules of the American Arbitration Association. Any mediation or arbitration of any such claim or counterclaim by the Mortgagor against the Mortgagee shall take place in Broward County, Florida.

17.  Rights and Remedies Cumulative:

(a)  The rights and remedies of Mortgagee as provided in the Note and in this mortgage shall be cumulative and concurrent; may be pursued separately, or together against Mortgagor, the mortgaged property, or both, at the sole discretion of Mortgagee; and they may be exercised as often as occasion therefor shall arise. The failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof

(b)  Any failure by Mortgagee to insist upon strict performance by Mortgagor of any of the terms and provisions of this mortgage or the Note shall not be deemed to be a waiver of any of the terms or provisions thereof, and Mortgagee shall have the right thereafter to insist upon strict performance of any and all of them.

(c)  Neither Mortgagor nor any other person now or hereafter obligated for payment of all or any part of the sums now or hereafter secured by this mortgage shall be relieved of such obligation by reason of the failure of Mortgagee to comply with any request of Mortgagor or of any other person so obligated to take action to foreclose on this mortgage or otherwise enforce any provisions of the mortgage or the Note; by reason of the release, regardless of consideration, of all or any part of the security held for the indebtedness secured by this mortgage; or by reason of any agreement or stipulation between any subsequent owner of the mortgaged property and Mortgagee extending the time of payment or modifying

Mortgage                                        Initials ⌀⌀ __V⌀__
Loan No. 06-0501
Page 9 of 11

the terms of the mortgage or Note without first having obtained the consent of Mortgagor or such other person. In the latter event, Mortgagor and all such other persons shall continue to be liable to make payments according to the terms of any such extension or modification agreement, unless expressly released and discharged in writing by Mortgagee.

    (d)  Mortgagee may release, regardless of consideration, any part of the security held for the indebtedness secured by this mortgage without, as to the remainder of the security, in any way impairing or affecting the lien of this mortgage or its priority over any subordinate lien.

    (e)  For payment of the indebtedness secured hereby, Mortgagee may resort to any other security therefor held by Mortgagee in such order and manner as Mortgagee may elect.

18.  <u>Counsel Fees</u>:  If Mortgagee becomes a party to any suit or proceeding affecting the mortgaged property or title thereto, the lien created by this mortgage or Mortgagee's interest therein, or, if Mortgagee engages counsel to collect any of the indebtedness or to enforce performance of the agreements, conditions, covenants, provisions, or stipulations of this mortgage or the Note, Mortgagee's cost, expenses, and reasonable counsel fees, whether or not suit is instituted, shall be paid to Mortgagee by Mortgagor on demand with interest at the then effective rate set forth in the Note, and, until paid, these amounts of money shall be deemed to be part of the indebtedness evidenced by the Note and secured by this Mortgage.

19.  <u>Amendment</u>:  This mortgage cannot be changed or amended except by agreement in writing signed by the party against whom enforcement of the change is sought.

20.  <u>Captions</u>:  The captions preceding the test of the paragraphs or subparagraphs of this mortgage are inserted only for convenience of reference and shall not constitute a part of this mortgage, and they shall not in any way affect its meaning, construction, or effect

*[The remainder of this page was intentionally left blank]*

Mortgage
Loan No. 06-0501
Page 10 of 11

Initials

IN WITNESS WHEREOF, the Mortgagor has caused this mortgage to be duly executed as of the day and year first above written.

**Signed, sealed and delivered
in the presence of:**

Print: _Rachel Bick_
Witness No 1

HUGH J. PRICE, Mortgagor

Print: _Derek A. Schwartz_
Witness No 2

VERONICA PRICE, Mortgagor

STATE OF FLORIDA                    )
COUNTY OF PALM BEACH          )

The foregoing instrument was acknowledged before me this 1st day of May, 2006, by HUGH J. PRICE and VERONICA PRICE who is/are personally known to me or who has/have produced _Drivers License_ as identification

(Affix Seal)

NOTARY PUBLIC

_Derek A. Schwartz_
(Print notary name)
My Commission Expires: 6/14-06

DEREK SCHWARTZ
MY COMMISSION # DD 121388
EXPIRES: June 14, 2006
Bonded Thru Notary Public Underwriters

Mortgage
Loan No. 06-0501
Page 11 of 11

Initials